Ninth Circuit Court of Appeals

Donald Morisky. Plaintiff Appellee          Appeal no. 24-6568,

                                            2:21-cv-01301-RSM.

v.

MMAS Research LLC et al. Appellant

## RESPONSE TO ORDER

This is a Response to the Court's Order dated October 30, 2024, concerning jurisdiction over this appeal.

## BACKGROUND

The Nature of this Appeal

      MMAS et al gave notice of this appeal on October 28, 2024, concerning the denial of the Motion for Reconsideration in the matter of 2:21-cv-01301. Said Denial of Motion for Reconsideration was entered in the Court below as ECF 259 on October 17, 2024. ECF 259 denied reconsideration of a Report and Recommendation (ECF 255) which had granted in part a Motion for Sanctions and imposed the following sanctions:

1. Defendants' counterclaims are dismissed with prejudice, and Defendants are limited in the defenses presented at trial; the destroyed ESI (the license and settlement agreements) are presumed to be unfavorable to Defendants, and an adverse jury instruction will be provided to the jury that the destroyed agreements were unfavorable to Defendants; and, at trial, adverse jury instructions will be provided so that any lack of proof should be inferred favorably to Plaintiff based on Defendants' failure to produce discovery.

2. Plaintiff may move for the Court to impose costs and fees for bringing the motion for sanctions.

3. This case will proceed immediately to trial.

The Present Order

This Court's Order of October 30, 2024, asks Appellants to reply concerning jurisdiction over the Appeal and that "unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b),"  …This court may therefore lack jurisdiction over this appeal, citing United States v. Westinghouse Elec. Corp., 648 F.2d 642, 651 (9th Cir. 1981).

The Federal District Court Order is a manifest injustice that is extremely prejudicial to the Appellant. The Federal District Court has wrongfully dismissed the Appellant's counterclaims, ordered the case proceed <u>immediately</u> to trial and severely limited the Appellant's basic defenses as guaranteed under the United States Constitution. Appellants will suffer irreparable harm, absent review of the dismissal of their counterclaims and the restrictions on their constitutional rights to defend themselves. Appeals have been taken from similar cases of dismissal of counterclaims based on sanctions in this circuit. *See Halco Engineering Co. v. Costle*, 843 F2d. 376 (9th Cir. 1983); *Northern American Watch Corp. v. Princess Ermine Jewels*,786 F2d.1447 (Ninth Cir. 1986).

This situation is unlike the Court's cited case of *United States v. Westinghouse* where review was sought of the imposition of monetary sanctions.  In Westinghouse the order for monetary sanction was deemed not to be final and appealable but that differs greatly from what is at stake here.  This Order would result in depriving Appellant of its constitutional rights.

The lower Court's Order taking away Appellants ability to fully represent themselves in the upcoming trial is sufficiently final and impactful to be subject to appeal.   Particularly in light of less drastic sanctions that were available. Cases that considered the availability of less drastic sanctions include *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir. 1987) and *Anheuser-Busch also. Inc., v. Natural Beverage Distributers*, 39 F.3d 337 (9th Cir. 1995)

Requiring Appellants to proceed to trial without review of the dismissal would be highly prejudicial. *See Wetlands Water District v. United States*, 100 F3d.94 (9th Cir. 1996) (defining legal prejudice as prejudice to some legal interest, some legal claim, some legal argument).

For these reasons, Appellants assert that the action of depriving Appellants of their Counterclaims and limiting their constitutional rights to defend has been a final and appealable action.   Therefore, jurisdiction over this appeal is appropriate and necessary to rectify the substantial and prejudicial errors committed by the lower court.

<u>Appellants' Argument</u>

Appellants argue that the Federal District Court Order is a manifest injustice that is extremely prejudicial to the Appellant. Appellants argue that jurisdiction over this appeal is appropriate.

### 1.  Due Process Violation

The dismissal of the Appellant's counterclaims without a full adjudication on the merits constitutes a significant violation of due process rights. The Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), emphasized the necessity of due process, which requires an opportunity to be heard at a meaningful time and in a meaningful manner. In the present case, Appellants were not even afforded the ability to conduct discovery, further exacerbating the due process violation by denying them the chance to gather evidence crucial to their defense. This is contrary to the principles established in cases such as *Fuentes v. Shevin*, 407 U.S. 67 (1972), where the Court underscored the importance of procedural fairness. Furthermore, in the Ninth Circuit, the importance of discovery as a fundamental right was highlighted in B*urlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005), which emphasized that denial of discovery opportunities can constitute a due process violation.

### 2.  Proportionality and Less Drastic Measures

The sanctions imposed were excessively harsh. The court should have considered less drastic measures, as dismissal of claims is an extreme sanction that should only be applied when no other option is viable. In *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), the Ninth Circuit highlighted that courts should consider less severe sanctions before resorting to dismissal. Similarly, in *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir. 1990), the court reiterated that dismissal is appropriate only when a party's conduct is due to willfulness, bad faith, or fault. The Federal District Court failed to explore alternative sanctions, such as monetary penalties or issue-specific preclusions, which would have been more proportionate to the perceived infractions.

### 3.  Precedential Support

Numerous cases have reversed similar sanctions due to their disproportionate impact. For instance, in *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983), the Ninth Circuit reversed dismissal where less severe sanctions were not adequately considered. Similarly, in *in re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006), the court warned against dismissals that do not adequately consider the litigant's culpability. The dismissal of counterclaims in this case is

excessive and inconsistent with established precedents, particularly given the lack of evidence showing willful misconduct by the Appellant.

### 4. Impact on Fair Trial Rights

The sanctions imposed severely impair the Appellant's right to a fair trial. By dismissing counterclaims and imposing adverse jury instructions, the court has effectively denied the Appellant the opportunity to mount a full and fair defense. This contravenes the principles outlined in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), where the fair administration of justice is paramount. The right to a fair trial is further emphasized in Washington federal courts, as seen in *United States v. Tham*, 960 F.2d 1391 (9th Cir. 1991), where the court highlighted the necessity of ensuring that all parties have a reasonable opportunity to present their case.

### 5. Irreparable Harm

The Appellant faces irreparable harm if counterclaims are not reinstated. The dismissal precludes critical aspects of the Appellant's defense strategy, risking an unjust trial outcome and causing significant prejudice. This is recognized in *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), where irreparable injury was a factor in granting relief. In the context of Washington federal courts, irreparable harm is particularly relevant when considering the immediate effects on a party's legal strategy and potential outcomes, as highlighted in *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483 (9th Cir. 2010).

### 6. Constitutional Arguments

The sanctions infringe upon the Appellant's constitutional rights, particularly the right to a fair trial as guaranteed by the Sixth Amendment. Such a severe limitation on defense capabilities constitutes a breach of fundamental constitutional protections, as underscored in Strickland v. Washington, 466 U.S. 668, 684-85 (1984). The Ninth Circuit has consistently held that actions impeding an individual's ability to present a defense can constitute constitutional violations, as seen in cases like United States v. Cronic, 466 U.S. 648 (1984), where effective assistance of counsel was deemed essential to a fair trial.

In light of these arguments, Appellants assert that the actions taken by the lower court were final and appealable. The dismissal of counterclaims and the restriction of constitutional rights to defend oneself in court necessitate immediate review to prevent irreparable harm and ensure justice.

Respectfully Submitted

Date: November 20, 2024                    /s/ Patricia Ray    Attorney for Appellants

Case: 24-6568, 11/20/2024, DktEntry: 10.1, Page 5 of 5