UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD E. MORISKY, | No. 24-6568 |
| Plaintiff – Appellee, | D.C. No. 2:21-cv-01301-RSM |
| v. | Western District of Washington, Seattle |
| MMAS RESEARCH, LLC, a Washington limited liability company; et. al., | APPELLEE'S RESPONSE TO NOVEMBER 20, 2024 STATEMENT BY APPELLANT (Dkt.Entry: 10.1) |
| Defendants – Appellants. | |

    Pursuant to the Court's Order (Dkt. Entry: 3.1) directing Appellant to state why its appeal should not be dismissed for lack of jurisdiction, Plaintiff-Appellee Dr. Donald Morisky ("Morisky") submits the following response.

    The burden to establish appellate jurisdiction lies with the Appellant.[1] It is well-settled law that this Court's jurisdiction is generally limited to appeals from final judgments or orders under 28 U.S.C. § 1291.[2] A final judgment is one that ends

---

[1] *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016).

[2] *Firestone Tire Rubber Co. v. Risjord*, 449 U.S. 368, 373-74 (1981) ("Under § 1291, the courts of appeals are vested with 'jurisdiction of appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court.' We have consistently interpreted this language as indicating that a party may not take an appeal under this section until there has been 'a decision by the District Court that `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"), citing *Coopers Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

the litigation on the merits and leaves nothing for the court to do but execute the judgment.[3] As explained in *Firestone Tire Rubber Co. v. Risjord*,[4]

> This rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes. It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). The rule also serves the important purpose of promoting efficient judicial administration.

Appellant's repeated improper attempts to seek appellate review of individual orders with which it disagrees underscore the importance of strict adherence to the final judgment rule.

In its Statement, Appellant fails to demonstrate that the order it seeks to appeal qualifies as a final judgment or falls within any recognized exception to the final judgment rule. Appellant also fails to articulate any exceptional circumstances that would justify this Court's exercise of jurisdiction. Appellant neither identifies a statutory basis for interlocutory appeal nor satisfies the strict requirements of the collateral order doctrine.

---

[3] *Id.*
[4] 449 U.S. 368, 373-74 (1981).

The cases cited by Appellant are inapposite. Both *Halaco Engineering Co. v. Costle,* and *North Amer. Watch v. Princess Ermine Jewels* addressed the appeal of dismissal of counterclaims where the entire case had been resolved and final judgment had been entered by the district court below.[5] And *Malone v. U.S. Postal Serif* addressed dismissal of an action where no counterclaim had been filed.[6]

Appellant's arguments regarding due process, proportionality, less drastic measures, fair trial rights, irreparable harm, and the right to a fair trial are either entirely irrelevant or go to Appellant's substantive arguments and have no bearing on whether this Court has jurisdiction at this time. Neither has Appellant made any showing that this Court has jurisdiction to address the District Court's order regarding adverse inference instructions for a jury trial that has not yet taken place.[7]

---

[5] *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 378 (9th Cir. 1988) ("The district court struck the EPA's answer and dismissed its counterclaim, and entered judgment for Halaco")(emphasis added); *North Amer. Watch v. Princess Ermine Jewels*, 786 F.2d 1447, 1449 (9th Cir. 1986) ("The district court adopted the magistrate's report and recommendation and dismissed appellants' counterclaims. North American eventually recovered $420,000 in damages for breach of contract, including $85.35 for repairs performed by its subsidiary, Service Corporation."). *Anheuser-Busch v. Natural Beverage Distributors* was also brought before this Court after the district court had fully resolved the matter by granting the plaintiff's motion for summary judgment and then dismissing the counterclaim entirely. 69 F.3d 337, 339 (9th Cir. 1995). Moreover the Court's affirmed the district court's decision to dismiss the counterclaim as a sanction for misconduct. *Id.* at 355.

[6] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

[7] *See generally Sell v. United States*, 539 U.S. 166, 176 (2003) ("The law normally requires a defendant to wait until the end of the trial to obtain appellate review of a pretrial order); *Cunningham v. Hamilton County, 527 U.S. 198 (1999) ("*An order imposing sanctions on an attorney pursuant to Rule 37(a)(4) is not a "final decision"

Appellant has not met its burden of demonstrating that this Court has jurisdiction to hear this appeal. Accordingly, Appellee respectfully requests that this appeal be dismissed for lack of jurisdiction.

Respectfully submitted,

DATED: November 25, 2024

/s/ F. Christopher Austin
F. Christopher Austin
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144

William J. Crowley
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1901
Seattle, WA 98101

Amanda L. Bruss
BRUSS LEGAL PLLC
7550 E. 53rd Place #172464
Denver, CO 80217

*Attorneys for Appellee*

---

under § 1291, even where the attorney no longer represents a party in the case. "); *Carpenter v. Mohawk Indus*, 541 F.3d 1048, 1052 (11th Cir. 2008) ("Generally, discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291.")